# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| *In re* SUBPOENA To Michael Streeter | Case No.: |
| Served in related case: | MOTION TO QUASH THE DEPOSITION SUBPOENA TO NON-PARTY MICHAEL STREETER AND/OR ISSUE A PROTECTIVE ORDER |
| *Lyons, et al. v. SAEILO, Inc. d/b/a Kahr Arms*, N.D. Ala. Case No. 5:21-cv-0043-LCB | ORAL ARGUMENT REQUESTED |

## MOTION TO QUASH THE DEPOSITION SUBPOENA TO
## NON-PARTY MICHAEL STREETER AND/OR ISSUE A PROTECTIVE ORDER

Defendant in the related case, Saeilo, Inc. d/b/a Kahr Arms ("Kahr Arms"), by its undersigned counsel, submits this Motion to Quash pursuant to Federal Rule of Civil Procedure 45 for an Order quashing or modifying the subpoena issued by plaintiffs to Michael Streeter and/or issuing a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) limiting the scope of said subpoena, and for such other and further relief this Court deems just and proper. In addition, Kahr Arms seeks to terminate the deposition of Michael Streeter preemptively by this motion, pursuant to Rule 30(d)(3), and demanded to all counsel that it be suspended pursuant to Rule 30(d)(3)(A), and have it not proceed further until or by order of the Court.

## BACKGROUND

This subpoena is issued by plaintiffs in the related case who brought an action in the United States District Court for the Northern District of Alabama under caption *Donald Lyons and Jillian Lyons v. Saeilo, Inc. d/b/a Kahr Arms*, and bearing case number 21-cv-00043-HNJ. (Declaration of Jeffrey Malsch ("Malsch Dec."), <u>Ex. A</u>, Lyons Complaint).

## SUMMARY OF THE ARGUMENT

The plaintiffs in the related case served a deposition subpoena on Mr. Streeter and all parties on May 19, 2022. The deposition subpoena identifies May 23, 2022 as the date for compliance. Rule 30 mandates that reasonable notice be given to every party when a deposition is sought. Two business days is not reasonable notice under any set of circumstances. The subpoena should be quashed as violating Rule 30's reasonable notice mandate.

Further, plaintiffs in the related case intend to depose Mr. Streeter about the facts of his 2015 incident, his case against Kahr Arms, and the terms of the settlement in direct violation of the confidentiality provision of the settlement agreement signed by Mr. Streeter. Pursuant to Nebraska contract law, the settlement agreement is valid and enforceable. Likewise, the confidentiality provision is material and binding, and a deposition of Mr. Streeter regarding his litigation against Kahr Arms would constitute a breach of the agreement. As such, Kahr Arms has a personal right and privilege with respect to the testimony sought and has standing to request that the subpoena be quashed. Accordingly, this court should quash the subpoena to prevent Mr. Streeter from being compelled to breach a binding and enforceable contract.

Additionally, plaintiffs will argue that they intend to depose Mr. Streeter to obtain evidence regarding a purported other similar incident. To be discoverable, however, the facts surrounding the incident must be substantially similar to the present case. But the matter involving Mr. Streeter is not substantially similar on its face, and plaintiffs in the related case cannot meet their threshold burden of showing substantial similarity to render Mr. Streeter's deposition discoverable. The subpoena exceeds the bounds of permissible discovery, is improper, and should be quashed and/or a protective order should be issued.[1]

---

[1] Should the Court decline to quash the subpoena, it should, at minimum, issue a protective order limiting the scope of testimony to only those topics potentially relevant. For example, there is no conceivable

## ORAL ARGUMENT

Due to the nature of the action pending in the Northern District of Alabama, prior orders issued by the District Court in Northern District of Alabama, and the procedural history of the pending Lyons Litigation and the prior litigation involving Michael Streeter, movant believes oral argument would benefit the Court in gaining a full understanding of the issues prior to issuing a ruling. Wherefore, movant respectfully requests oral argument.

## CONCLUSION

For the aforementioned reasons, as well as the accompanying Memorandum of Law and Declaration of Jeffrey Malsch, which are both incorporated by reference and fully adopted herein, Kahr Arms respectfully requests that the deposition subpoena to Michael Streeter be quashed or a protective order be issued prohibiting or, at minimum, limiting the deposition of Michael Streeter.

**DATED** this May 20, 2022.

Respectfully submitted,

Saeilo Inc. d/b/a Kahr Arms
By its attorneys,

    /s/ Jerald Rauterkus_____
Jerald Rauterkus, Esq.
**Erickson Sederstrom, P.C.**
10300 Regency Parkway Drive Suite 100
Omaha, NE 68114-3761
Telephone: (402) 397-2200

-and-

---

basis for questions to Mr. Streeter regarding the settlement negotiations, the amount of settlement or who paid the settlement. This information is not – and cannot – be probative of any claim or defense in the *Lyons* case.

3

                                        Christopher Renzulli, Esq. (*Pro Hac to be submitted*)
                                        Jeffrey Malsch, Esq. (*Pro Hac to be submitted*)
                                        **RENZULLI LAW FIRM, LLP**
                                        One North Broadway, Suite 1005
                                        White Plains, NY  10601
                                        Telephone: (914) 285-0700

                                        *Attorneys for defendant Saeilo Inc. d/b/a Kahr Arms*

## CERTIFICATE OF SERVICE

       I, Jerald Rauterkus, attorney for the defendant Saeilo Inc. d/b/a Kahr Arms, hereby certify that on May 20, 2022, a true copy of the foregoing Motion to Quash will be filed through the ECF System. Copies of the Motion and attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and copies of such filing will be served by electronic mail upon all counsel of record listed in the litigation pending in the subpoena issuing court as well as counsel representing the deponent.

                                                           _____/s/ Jerald Rauterkus_____
                                                                 Jerald Rauterkus